UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIRK B.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 2:23-CV-379-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for Supplemental Security Income benefits (SSI). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes the ALJ erred in failing to adequately evaluate the medical opinion evidence, the ALJ's errors were not harmless, and therefore this matter must be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

# I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for SSI on May 14, 2019. Administrative Record (AR) 15. He alleged disability beginning September 15, 2017, which he later amended to May 14, 2019. AR 15, 47. After his application was denied initially and upon reconsideration, he filed a written request for a hearing. AR 15, 97, 103, 128. On May 11, 2021, and January 18, 2022, an Administrative Law Judge (ALJ) held hearings in which Plaintiff was represented and testified telephonically. AR 43–68, 69–96. On February 1, 2022, the ALJ issued a written decision finding Plaintiff not disabled. AR 12–35. The Appeals Counsel declined Plaintiff's timely request for review, making the ALJ's decision final. AR 1–6.

# II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

# III. DISCUSSION

Plaintiff argues the ALJ erred in evaluating medical opinion evidence, in evaluating Plaintiff's testimony, and in evaluating the lay witness testimony of Plaintiff's mother. *See generally* Dkt. 10. Plaintiff requests the Court remand the case for an award of benefits or, in the

alternative, remand for further administrative proceedings. *Id.* at 14. Defendant argues the ALJ's decision is supported by substantial evidence and should be affirmed. *See* Dkt. 16.

**A.     Medical Opinion Evidence**

1.     Legal Standard

Under the revised regulations applicable here, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. §§ 416.1520c. Instead, ALJs must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using a list of factors listed. *See* 20 C.F.R. §§ 416.1520c(c). The two most important factors are the opinion's "supportability" and "consistency." 20 C.F.R. §§ 416.1520c(a). ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 416.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. §§ 404.1520c(c)(1)); *see also*, 20 C.F.R. § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (citing 20 C.F.R. §§ 404.1520c(c)(2)); *see also*, 20 C.F.R. §§ 416.920c(c)(2).

2.     Medical Opinion Evidence: Sandra Carrier, ARNP and Melanie Mitchell, Psy.D.

Plaintiff contends the ALJ erred in his consideration of the medical opinions of Sandra Carrier, ARNP, and Melanie Mitchell, Psy.D. Ms. Carrier submitted an opinion on June 3, 2021, after treating Plaintiff for over two years. AR 591–96. Ms. Carrier opined that Plaintiff would be absent from work more than once a week due to interruptions from psychologically based

symptoms and that his work would be interrupted more than 20% of the time due to a lack of focus. *Id.* She also opined that Plaintiff would have issues carrying out short and simple instructions, staying on task for two-hour segments, and asking simple questions, and that Plaintiff would work significantly slower than others and would distract coworkers with behavioral extremes if he was experiencing psychotic symptoms or hallucinating. *Id.*

Dr. Mitchell submitted an opinion on October 21, 2019, which was based on her review of Ms. Carrier's treatment notes and a medical opinion submitted from 2017. AR 25, 442–46, 606–10. Dr. Mitchell opined that Plaintiff would have marked limitations in completing a normal workday and work week without interruptions from psychologically based symptoms. AR 458. Dr. Mitchell indicated that Plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; to adapt to changes in a routine work setting; to communicate and perform effectively in a work setting; and to set realistic goals. *Id.*

3.   <u>Analysis of the ALJ's Opinion</u>

The ALJ rejected both opinions, giving the same reasons and using nearly identical language in doing so. AR 25, 26.

With respect to supportability,[1] the ALJ found that both "opinion[s] [were] not valid nor viable as the claimant's substance use disorders were not considered or mentioned despite references to use in the treatment records." AR 25, 26. Ms. Carrier's opinion does not mention Plaintiff's substance use, AR 591–96, while Dr. Mitchell's notes that Plaintiff's substance use was "[n]ot reported as significant," AR 609. Ms. Carrier's treatment notes reflect that Plaintiff

---

[1] For the sake of clarity, the Court uses the supportability and consistency classifications of the ALJ's rationales suggested by Defendant. *See* Dkt. 16 at 8 n.1.

reported periodic alcohol and THC use during the relevant period. AR 431–37, 473–78, 598. Plaintiff also admitted to regular methamphetamine use in 2017 and to using methamphetamine "three to four times" before twice being hospitalized for intensified hallucinations in 2021. AR 420–21, 438, 450, 480–81, 611–18. Medical Expert Dr. Lace testified at Plaintiff's hearing that methamphetamine use was Plaintiff's "primary condition," suggested Plaintiff had been using methamphetamine between 2017 and 2021, and indicated medical opinions that omitted such use were not "fully valid." AR 80, 81, 84.

Without further explanation as to why the omission of Plaintiff's substance use undermines the opinions of Ms. Carrier and Dr. Mitchell, the ALJ has not "set forth the reasoning behind [his] decision[] in a way that allows for meaningful review," as he must do. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The ALJ made no findings related to the extent of Plaintiff's substance use or the effect of his use on his symptoms. AR 12–35. Without the ALJ's finding and analysis that Plaintiff's substance use impacted his symptoms, the Court cannot discern whether the omission of Plaintiff's substance use from either opinion is material.

To the extent the ALJ intended to find Plaintiff's substance use impacted his symptoms, it must have been preceded by a finding that Plaintiff was disabled irrespective of his substance use. *See* 20 C.F.R. § 416.935(b); *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) ("[A]n ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction" before making a finding that the claimant would still be disabled if they stopped using drugs or alcohol.); *see also Jarvis v. Berryhill*, 722 F. App'x 616, 619 (9th Cir. 2018) (unpublished opinion) ("[I]t is error for an ALJ to determine that a claimant's mental impairments are the product and consequence of his [drug and alcohol use] before making a

determination that the claimant is disabled under the five-step analysis.") (internal quotations omitted).

Defendant argues Dr. Lace's testimony assessing the two opinions, AR 81, provides sufficient support for the ALJ's decision. *See* Dkt. 16 at 9. But it is the ALJ, not Dr. Lace, who "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (citation omitted).

The ALJ made two findings with respect to the consistency of the Carrier and Mitchell opinions with other medical and nonmedical sources. AR 25, 26. First, the ALJ found the opinions were "not supported by the totality of the record," as it was not supported by Ms. Carrier's mental status findings at three appointments which indicated that Plaintiff had:

> a mood and affect with no depression, anxiety, or agitation, articulate speech with regular rate and rhythm, linear and logical thought process, the ability to abstract, normal associations, fair insight, fair judgment, and intact memory, the ability to attend to tasks normally during the interview, oriented to time, place, and person, normal expressive and receptive communications skills, and adequate fund of knowledge.

*Id.* (citing AR 437–40, 477–49, 600).[2] To be sure, "[a] conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a . . . treating provider." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citations omitted).

However, the ALJ's duty to "set forth" his reasoning "in a way that allows for meaningful review," *Brown-Hunter*, 806 F.3d at 492, requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Michael D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-464-DWC, 2022 WL 4377400, at *3 (W.D. Wash. Sept. 22, 2022) (quoting *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)). Here, the ALJ failed to explain why the mental

---

[2] The ALJ erroneously cited to AR 599 instead of AR 600. *See* Dkt. 16 at 12.

status findings and the opinions were inconsistent. Defendant asserts that two of Ms. Carrier's several opinions and two of Dr. Mitchell's opinions are inconsistent with several mental status findings, Dkt. 16 at 10, 12, but "[w]e review only the reasons provided by the ALJ" in reaching his decision," *Garrison*, 759 F.3d at 1010. Even so, Defendant's attempts to expound on the ALJ's reasoning are unpersuasive. Defendant suggests, for instance, that Ms. Carrier's findings that Plaintiff showed "linear and logical thought process" and "attend[ed] to tasks normally during the interview" conflict with her opinion that Plaintiff has difficulties with concentration. Dkt. 16 at 10. However, without further explanation, it remains unclear why those three attributes—linear and logical thought processes, attending to tasks normally, and having difficulty concentrating—cannot coexist.

Furthermore, an ALJ cannot "cherry-pick[] some of [a provider's] characterizations" but, rather, must evaluate a conflict between treatment notes and medical opinions "in context of the overall diagnostic picture the provider draws." *Ghanim*, 763 F.3d at 1162 (internal quotations omitted). Ms. Carrier's treatment notes and opinion describe Plaintiff's reports of hearing voices, *e.g.* AR 433–35, 499, his reports of hallucinations and psychosis, *e.g.* AR 438, 473–79, 599, and his periodic absences from appointments, AR 593, all of which support the opinions of Ms. Carrier and Dr. Mitchell. Moreover, the mental status findings which purportedly contradict the two opinions do not appear to be addressed consistently within the very treatment notes that the ALJ cites to. *See* AR 25, 26 (citing AR 437–40, 477–79, 600); AR 437–40 ("intermittent depression, anxiety, or agitation"); AR 600 ("depressed mood, anxious affect," speech "rambling at times," "reports gaps in recall," "delusional associations"). Although, as Defendant notes, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence," Dkt. 16 at 10 (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022)), the ALJ must nevertheless

1  "set forth the reasoning" which led it to resolve those ambiguities in a particular way, *Brown-*
2  *Hunter*, 806 F.3d at 492.

3  Second, the ALJ noted that the opinions of Ms. Carrier and Dr. Mitchell were
4  inconsistent with the opinions of Michael Lace, MD, and the opinion of State Agency
5  psychologist John Gilbert, Ph.D., but acknowledged the two opinions were consistent with each
6  other and with three other medical opinions. AR 25, 26. This, by itself, is not an adequate
7  rationale for rejecting the opinions. Assuming without deciding that the ALJ did not err in
8  finding Dr. Lace's opinion persuasive, it is nonetheless not enough to simply state that an
9  opinion is inconsistent with another persuasive opinion. *See Garrison*, 759 F.3d at 1012–13
10 ("[A]n ALJ errs when he rejected a medical opinion . . . while doing nothing more than . . .
11 asserting without explanation that another medical opinion is more persuasive, or criticizing it
12 with boilerplate language that fails to offer a substantive basis for his conclusion."). Rather, the
13 ALJ must "resolv[e]" the "conflicts in medical testimony." *Ford*, 950 F.3d at 1149.

14 In sum, the Court finds that the ALJ's rejection of both opinions was in error. Harmless
15 error principles apply in the Social Security context. *Stout v. Comm'r, Social Sec. Admin.*, 434
16 F.3d 1050, 1054 (9th Cir. 2006). An error is harmless only if it is not prejudicial to the claimant
17 or is "inconsequential" to the ALJ's ultimate decision. *Id.* at 1055. Here, the ALJ's erroneous
18 rejection of the opinions of Ms. Carrier and Dr. Mitchell was not harmless because, had they
19 been credited, the ALJ may have made a different RFC assessment resulting in a different
20 outcome. For instance, the vocational expert (VE) who testified at Plaintiff's hearing said being
21 off task for more than 20% of the workday—as Ms. Carrier opined Plaintiff would be, AR 592—
22 would "preclude any competitive unskilled work opportunity at all exertional levels." AR 91.
23 Furthermore, Dr. Mitchell opined that Plaintiff would have difficulties completing a workday
24

without interruptions from psychologically based symptoms, AR 607, which purportedly could cause Plaintiff to talk to himself, AR 58, or be unable to stay on task without supervision, AR 600, both of which the VE indicated would likely result in termination, AR 93–94.

**B.    Remaining Issues**

Plaintiff argues that the ALJ erred in evaluating the testimony of Michael Lace, MD; Plaintiff's subjective testimony; and the lay witness testimony of Plaintiff's mother. Dkt. 10 at 7–13. As the Court has found reversible error in the ALJ's evaluation of the medical opinions of Ms. Carrier and Dr. Mitchell, the Court declines to consider these remaining issues. Rather, the Court directs the ALJ to reevaluate Plaintiff's testimony, Plaintiff's mother's testimony, and the medical evidence, including the testimony of Dr. Lace, on remand, and to make further findings consistent with this order.

**C.    Remand**

Plaintiff argues that this case should be remanded for an immediate award of benefits. Dkt. 10 at 14. The Court may only do so when: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [Plaintiff's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Here, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Ms. Carrier and Dr. Mitchell. However, it is not clear from the record that the ALJ would be required to find Plaintiff disabled were those opinions credited, as there remain other medical opinions which the ALJ must reevaluate. Furthermore, the reevaluation of medical opinions may depend on issues, such as the impact of Plaintiff's substance use, which must be resolved before a determination of disability can be made. Thus, remand for further administrative proceedings is appropriate in this case.

## IV. CONCLUSION

For the reasons set forth above, this matter is **REVERSED and REMANDED** for further administrative proceedings.

Dated this 28th day of September, 2023.

David W. Christel
Chief United States Magistrate Judge